IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CITY OF OAKLAND,

        Plaintiff,

  v.

COMCAST OF CALIFORNIA/COLORADO, LLC; COMCAST CORPORATION,

        Defendants.
                                      /

No. C 06-5380 CW

ORDER DENYING PLAINTIFF LEAVE TO FILE MOTION FOR PARTIAL RECONSIDERATION AS MOOT

    Plaintiff City of Oakland moves for leave to seek partial reconsideration of the Court's February 14, 2007 Order Granting in part and Denying in Part Defendants' Motion to Dismiss (February 14, 207 Order).  Specifically, Plaintiff seeks leave to ask the Court to reconsider the portion of the Order granting Defendant Comcast Corporation's motion to dismiss Plaintiff's sixth cause of action for breach of oral contract in the First Amended Complaint (FAC).  The Court DENIES this request as moot.

    Civil Local Rule 7-9(a) states as follows: "No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion."  A motion for leave to file a motion for reconsideration may only be granted if the moving party shows:

    (1) That at the time of the motion for leave, a material

> difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought.  The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) The emergence of new material facts or change of law occurring after the time of such order; or (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civil L.R. 7-9(b).

In the February 14, 2007 Order, the Court granted Defendants' motion to dismiss the claim for breach of oral contract on the ground that the oral agreement falls within the subject matter of the Change of Control Agreement (CCA), would materially alter the terms of the CCA, and thus was precluded by the integration clause in the CCA.  February 14, 2007 Order at 12-13.  The Court granted Plaintiff leave to amend "to plead facts indicating that Comcast Corporation entered into a separate oral contract with the City, not inconsistent with the terms of the CCA."  Id. at 3.

On March 5, 2007, Plaintiff filed its Second Amended Complaint (SAC) in which its seventh cause of action is breach of oral contract against Comcast LLC, but not against Comcast Corporation, the only defendant sued on this cause of action in Plaintiff's FAC.  In the SAC, Plaintiff appears to have attempted to follow the Court's instructions to allege that the oral agreement was separate from and not inconsistent with the terms of the CCA.  For instance, in paragraph 35 of the SAC, Plaintiff alleges, "In entering into this oral agreement, representatives of Comcast Corporation, Comcast LLC and the City understood that they were entering into a new agreement relating to the franchise renewal.  The parties did

2

not intend or even contemplate at the time they entered into this agreement that they were amending the terms of the existing Franchise or any previous agreement relating to the existing Franchise, including the Change of Control Agreement." Paragraph 109 of the SAC alleges, "The oral agreement made by Comcast Corporation and Comcast LLC -- that Comcast LLC would accept the franchise renewal if the franchise renewal ordinance and the cable regulatory ordinance were adopted by the City Council in the form and substance agreed to at that meeting -- was a wholly new agreement, and did not amend either the Memorandum of Understanding (MOU) or the CCA." Paragraph 110 of the SAC explains that the CCA, which was fully consummated in 2002, addressed the rights and obligations of the parties concerning the City's approval of the application of transfer of control of the franchise and had nothing to do with the informal franchise renewal agreement that was negotiated in 2005. Paragraph 111 provides, "Although the March 21, 2005 oral agreement furthered the performance of the parties' obligations under the MOU, the oral agreement was a separate contract from the MOU. The MOU was a promise by the Franchisee concerning certain terms that would be included in any future informally renewed franchise. The oral agreement was a promise that Comcast LLC would accept this particular franchise renewal agreement, which contained numerous material terms and conditions that were not addressed in the MOU."

In the SAC, although Plaintiff attempted to follow the Court's instructions to plead facts indicating that Comcast Corporation entered into a separate oral contract with the City, not

3

inconsistent with the terms of the CCA, it did not bring the breach of oral contract cause of action against Comcast Corporation. Instead, it brought the breach of oral contract claim against Comcast LLC and filed a request for leave to file a motion for reconsideration of the Court's ruling that the oral contract was excluded by the integration clause of the CCA.

    Based on the above, there is no need for Plaintiff to file a motion for reconsideration. The Court granted Plaintiff leave to amend the claim against Comcast Corporation to allege that the oral contract was different from and was not inconsistent with the terms of the CCA. Because Plaintiff may have misinterpreted the Court's order, the Court grants Plaintiff one week to file a Third Amended Complaint (TAC) to bring the breach of oral contract claim against Comcast Corporation as well as Comcast LLC. If Defendants wish to file a motion to dismiss this claim, they may do so one week thereafter.

## CONCLUSION

    For the foregoing reasons, Plaintiff's motion for leave to file a motion for reconsideration is denied as moot.

    IT IS SO ORDERED.

Dated  3/29/07

*Claudia Wilken*
CLAUDIA WILKEN
United States District Judge